UNITED STATES BANKRUPTCY COURT

DISTRICT OF IDAHO

| | |
|---|---|
| IN RE:<br><br>**RONALD JAY LAMBERT and CYNTHIA LEE LAMBERT,**<br><br>Debtors. | **Case No. 23-40161-NGH**<br><br>Chapter 7 |

### MEMORANDUM OF DECISION

Before the Court is Idaho Central Credit Union's ("ICCU") motion to extend the proof of claim deadline, its limited objection to the chapter 7 trustee's final report, and its declarations in support of the same. Doc. Nos. 58, 59, 60, and 62.[1] Patrick Geile, the chapter 7 trustee, filed a response in opposition. Doc. No. 64. A hearing was held on May 7, 2024, with ICCU submitting supplemental briefing on May 13. Doc. Nos. 65 and 66. A further hearing was held on May 20, 2024, after which the Court took the matter under advisement. Doc. No. 67. The following decision resolves the matter.

### BACKGROUND

On April 11, 2023, debtors Cynthia and Ronald Lambert ("Debtors") filed for chapter 7 bankruptcy. Doc. No. 1. Debtors filed the bankruptcy as an "asset" case, meaning they estimated funds would be available to distribute to their unsecured

---

[1] Unless otherwise indicated, all statutory citations are to the Bankruptcy Code, Title 11 U.S.C. §§ 101–1532. Additionally, all citations to "Rule" are to the Federal Rules of Bankruptcy Procedure.

MEMORANDUM OF DECISION - 1

creditors. *Id.* at p. 6. Notwithstanding, the clerk's office mistakenly sent out a "no-asset" notice of bankruptcy, which does not set a proof of claim deadline. Doc. No. 2. The clerk's office quickly discovered the error and sent out the correct notice on April 12, 2023, which set June 20, 2023, as the claims bar date for non-government creditors (the "First Claims Bar Date Notice"). Doc. No. 15.[2]

On May 4, 2023, the chapter 7 trustee filed a Notice of Need to File Proof of Claim due to Possible Recovery of Assets, which generated a proofs of claim deadline 90 days from the date of the notice, or August 3, 2024. Doc. No. 21. Apparently, the chapter 7 trustee was unaware the bankruptcy case was already proceeding as an "asset" case and that a claims bar deadline had been set. The clerk's office did not catch the error and the notice was sent out as requested (the "Second Claims Bar Date Notice"). Doc. No. 21.[3]

Ultimately, creditors filed six proofs of claim before the deadline provided in the First Claims Bar Date Notice, totaling $24,886.78, and seven claims after the June 20, 2023, bar date, but before the deadline provided in the Second Claims Bar Date Notice, totaling $474,473.22. ICCU is included in this latter group, having filed its two proofs of claim on July 27 and 28, 2023. Specifically, it filed Proof of Claim No. 8-2,[4] totaling

---

[2] The First Claims Bar Date Notice was titled "Notice of Chapter 7 Bankruptcy Case -- Proof of Claim Deadline Set[.]" Doc. No. 15. It was sent to ICCU via electronic transmission on April 12, 2023 at 8:37 p.m. MT. *Id.*

[3] The Second Claims Bar Date Notice was dated May 5, 2023. Doc. No. 21. It was sent to ICCU via electronic transmission on May 5, 2023 at 8:51 p.m. MT. *Id.*

[4] ICCU filed Proof of Claim No. 8-1 on July 27, 2023, which Proof of Claim No. 8-2, filed later that day, amended or supplemented.

MEMORANDUM OF DECISION - 2

$453,562.84, for a deficiency on commercial loans and Proof of Claim No. 9, totaling $13,477.84, for an "auto loan repossession deficit."

On July 29, 2023, Debtors objected to the Second Claims Bar Date Notice, arguing the chapter 7 trustee could not "unilaterally" extend the claims bar deadline vis a vis the clerk's office. Doc. No. 40. On September 11, 2023, the Court held a hearing on the objection and issued an oral ruling.[5] In its oral ruling, the Court determined the chapter 7 trustee had no authority under the Bankruptcy Code or Rules (specifically Rule 3002(c)) to extend the June 20, 2023 bar date, and as such, the 90 day deadline provided from the Second Claims Bar Date Notice was a nullity. Accordingly, on September 11, 2023, the Court rescinded the Second Claims Bar Date Notice and ruled that June 20, 2023, was the controlling claims bar date.[6] However, the Court reserved ruling on the propriety of extending the claims bar deadline with respect to any of the claims filed after the June 20, 2023 deadline expired but before the now rescinded second bar date expired.[7]

On April 12, 2024, the Trustee's Final Report ("TFR") was filed, which showed there was $15,820.80 available for distribution to allowed general unsecured claims. *Id.* Per the TFR, and pursuant to § 726(a)(2)-(3)'s distribution scheme, the six timely filed proofs of claim would receive a pro rata share of these funds while the seven untimely

---

[5] The Honorable Joseph M. Meier conducted the hearing and issued the oral ruling. Due to his passing, the case was reassigned to the undersigned judge on November 30, 2023. Doc. No. 53.

[6] On September 15, 2023, the Court entered an order consistent with its ruling. Doc. No. 50.

[7] Indeed, Judge Meier stated, "Let me be clear . . . I'm not making any rulings . . . as to those creditors who filed claims after the first bar date. I suspect that issue may come up as to anything that arises out of the confusion created by the multiple notices."

MEMORANDUM OF DECISION - 3

filed proofs of claim would receive nothing. *Id.* On April 26, 2024, ICCU filed its motion requesting the Court extend the claims bar deadline with respect to its claims such that they are deemed timely filed. ICCU objected to the TFR on the presumption its motion is granted, and thus would be entitled to a distribution. On May 3, 2024, the chapter 7 trustee filed his response.

**DISCUSSION AND DISPOSITION**

As a preliminary matter, Trustee's response argues that the Court's order rescinding the Second Claims Bar Date Notice resolves the matter. The Court disagrees. As noted above, the Court specifically left open the question of whether it would be appropriate to extend the proof of claim deadline for creditors such as ICCU who filed claims after the June 20 deadline but before the August 3 deadline and before the Court rescinded the second, improper deadline. Thus, the matter is ripe for resolution.

ICCU initially sought relief under the "excusable neglect" standard of Rule 9006(b)(1). However, Rule 9006(b)(1) does not apply to requests for extension of the claims bar deadline in chapter 7 cases. *See In re Idaho Norland Corp.*, 158 B.R. 497, 498 (Bankr. D. Idaho 1993) (referencing Rule 9006(b)(3) and stating that in a chapter 7 case the "deadline for filing claims under Rule 3002(c) cannot be extended for excusable neglect"). Rule 9006(b)(3) provides that the Court may extend the claims bar deadline in chapter 7 cases only to the extent and under the conditions found in Rule 3002(c). *See Zidell, Inc. v. Forsch (In re Coastal Alaska Lines, Inc.)*, 920 F.2d 1428, 1432 (9th Cir. 1990); *accord Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 389 n.4 (1993); *Dicker v. Dye (In re Edelman)*, 237 B.R. 146, 153 (9th Cir. BAP 1999);

MEMORANDUM OF DECISION - 4

*Gardenhire v. IRS (In re Gardenhire)*, 209 F.3d 1145, 1150 (9th Cir. 2000).  In other words, Rule 3002(c)'s seven subdivisions provide the exclusive means to extend the claims bar date in chapter 7 cases.  Consequently, for ICCU to prevail on its motion, at least one Rule 3002(c) exception must apply.[8]

Having considered the matter, the Court finds Rule 3002(c)(6) applies.  Rule 3002(c)(6) provides that a creditor's motion to extend time to file a proof of claim "may be granted if the court finds that the notice was insufficient under the circumstances to give the creditor a reasonable time to file a proof of claim."[9]  Rule 3002(c)(6) was amended effective December 1, 2022, considerably broadening its scope.  The prior version of Rule 3002(c)(6) conditioned the insufficiency of the notice, requiring the insufficiency to have resulted from one of two things before courts could grant relief.  That is, the debtor failed "to timely file the list of creditors' names and addresses as required by Rule 1007(a)" or the notice was "mailed to the creditor at a foreign address."[10]  Rule 3002(c)(6) (2021).  Now, the cause of the insufficiency of notice is no

---

[8] ICCU was given the opportunity to submit supplemental briefing with respect to Rule 3002(c) and made argument at the May 20 hearing with respect to its applicability here.

[9] Rule 3002(c)(6) also provides the motion may be filed before or after the claims bar deadline and that courts cannot extend the deadline by more than 60 days from the date of the order granting the motion.

[10] As summarized in *In re JC Farms, LLC*, No. 23-10278-357, 2024 WL 3352120, at *4 n.3 (Bankr. E.D. Mo. July 9, 2024):

> The [prior version of] Rule 3002(c)(6) did not adequately address what should happen when a debtor files a timely [creditor] matrix but simply omits a creditor from it. Compare [*In re Somerville*, 605 B.R. 700, 707–08 (Bankr. D. Md. 2019)], with [*In re Mazik*, 592 B.R. 812, 818 (Bankr. E.D. Pa. 2018)].  This confusion led to the most recent amendment. *See* Fed. R. Bankr. P. 3002(c)(6) (2023); *In re Bauer*, No. 21-32089, 2024 WL 1354607, at *11 n.5 (Bankr. N.D. Ohio Mar. 29, 2024).  The amendment also sought "to provide a single standard," regardless of "whether the creditor has a domestic address or a foreign address."  Fed. R. Bankr. P. 3002 Advisory Committee Notes to the 2022 [A]mendment.

MEMORANDUM OF DECISION - 5

longer confined to these two scenarios. Rule 3002(c)(6); *In re JC Farms, LLC*, No. 23-10278-357, 2024 WL 3352120, at *4 (Bankr. E.D. Mo. July 9, 2024) ("[The 2022] amendment broadened the application of the subparagraph so that it no longer matters why 'the notice was insufficient.' . . . Rule 3002(c)(6) is discretionary.").

Due to the relative newness of the amendment, there is a dearth of case law applying current Rule 3002(c)(6) or grappling with its parameters. In fact, only one decision, the *JC Farms* decision cited above, has applied it.[11] While insufficiency of notice most readily applies to situations where a creditor did not receive notice (or timely notice) of the claims bar deadline in the first place, the Court concludes notice can be insufficient for other reasons as well.

Insufficient is not a defined term in the Bankruptcy Code. *See* § 101. Merriam-Webster defines insufficient as "not sufficient : inadequate." Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/insufficent. In turn, "inadequate" is defined as "not enough or good enough." Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/inadequate. Thus, stated differently, the Court must consider whether the multiple notices provided to ICCU were inadequate or not good enough under the circumstances to give it a reasonable time to file a proof of claim.

---

[11] *JC Farms* was factually different from the case before this Court. There, a debtor in a chapter 13 bankruptcy did not schedule a creditor or list the creditor on its creditor matrix. *JC Farms*, 2024 WL 3352120, at *1. As a result, the creditor did not receive formal notice of the deadline to file its proof of claim. *Id.* The court granted the creditor's motion to extend time to file its proof of claim, finding the notice to the creditor of the claims bar deadline was not sufficient pursuant to Rule 3002(c)(6). *Id.* at *6.

MEMORANDUM OF DECISION - 6

Here, ICCU received the First Claims Bar Date Notice and then the Second Claims Bar Date Notice setting a later deadline.  Importantly, the second notice was sent prior to the expiration of the first deadline.  This is not a situation where the first bar date had expired without ICCU filing its proofs of claim only for ICCU to then try to take advantage of the mistaken, new 90-day filing period.  Instead, ICCU complied with the claims bar deadline set forth in the Second Claims Bar Date Notice and filed its proofs of claim before any Court action was taken to address the error.

As noted, the Second Claims Bar Date Notice was mistakenly created and sent out to creditors due to an error by the chapter 7 trustee that was not caught by the clerk's office.  The Court retroactively rescinded the Second Claims Bar Date Notice after the mistake was identified but only after ICCU had filed its proofs of claim.  Under these facts, the Court concludes the notices provided were conflicting, confusing, and misleading, and thus "not . . . good enough" to give ICCU reasonable notice of the true deadline to file its proofs of claim pursuant to Rule 3002(c)(6).

**CONCLUSION**

Accordingly, the Court will grant ICCU's motion to extend the proof of claim deadline to July 28, 2023, with respect to its claims and sustain its objection to the TFR. The Court will enter an order consistent with this decision.

DATED:  August 7, 2024



_____
NOAH G. HILLEN
Chief U.S. Bankruptcy Judge

MEMORANDUM OF DECISION - 7